UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS MARTINEZ | No. 1:26-cv-00984-SAB (PC) |
| Plaintiff, | ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION |
| v. | |
| J. MACOMBER, et al., | FINDINGS AND RECOMMENDATION RECOMMENDING PLAINTIFF'S MOTION FOR REMAND BE DENIED |
| Defendants. | (ECF No. 4) |

Plaintiff is proceeding pro se in this action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for remand, filed February 20, 2026. (ECF No. 4.)  For the reasons explained below, Plaintiff's motion for remand shall be denied.

**I.**

**BACKGROUND**

On February 4, 2026, Defendant Macomber removed this action from the Madera County Superior Court.  (ECF No. 1.)

On February 20, 2206, Plaintiff filed a motion to remand the action to the Madera County Superior Court.  Defendant Macomber filed an opposition on February 26, 2026, and Plaintiff filed a reply on March 9, 2026.  (ECF Nos. 5, 6.)

**II.**

**LEGAL STANDARD**

When a civil action over which the federal courts have original jurisdiction is brought in state court, the defendant may remove that action to federal district court. See 28 U.S.C. §

1

1441(a). Subject matter jurisdiction may be based on either diversity jurisdiction or federal question jurisdiction. 28 U.S.C. §§ 1331, 1332.  Federal-question jurisdiction is governed by the "well-pleaded complaint rule" (or "Mottley rule") which provides "that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987); see also Louisville & Nashville R. Co. v. Mottley, 211 U.S. 149, 152 (1908) ("[A] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution.").

A motion to remand is the proper procedure for a plaintiff to challenge removal. 28 U.S.C. § 1447. The party who seeks removal carries the burden of establishing by a preponderance of the evidence that removal is proper. Moore-Thomas v. Ala. Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009). "This burden is particularly stringent for removing defendants because '[t]he removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand.' " Corral v. Select Portfolio Servicing, Inc., 878 F.3d 770, 773-74 (9th Cir. 2017) (quoting Moore-Thomas, 553 F.3d at 1244).

**III.**

**DISCUSSION**

Plaintiff seeks remand of the action because: (1) he could not have originally brought this action in this Court as he has suffered three more strikes under 28 U.S.C. § 1915(g); (2) not all Defendants have consented to the removal; and (3) the action involves only state law claims. (ECF No. 4.)

In opposition, Defendant Macomber argues that Plaintiff's motion should be denied because the complaint clearly and unambiguously raises federal claims, and removal was not defective.  (ECF No. 5.)

In reply, Plaintiff argues the complaint does not arise under the United States Constitution, not all Defendants have consented to removal of the action, and the petition for removal does not contain a short and plain statement of grounds for removal.  (ECF No. 6.)

///

**A.      Federal Claims**

Plaintiff's argument that he could not have brought the action in this Court because he has suffered three or more strikes under 28 U.S.C. § 1915(g), is without merit.  The fact that Plaintiff has suffered three "strikes" under § 1915(g) only prevents him from proceeding in forma pauperis in this Court and has no bearing on whether federal question jurisdiction exists to bring the action in this Court.

Further, it is clear from a review of Plaintiff's complaint that he raises claims under the United States Constitution.  On the form complaint, Plaintiff specifically indicates the complaint arises under 42 U.S.C. § 1983.  (ECF No. 1-1, at 2.)[1]  Plaintiff's states his claims arise under California law and the Fifth, Eighth, Ninth, Tenth, and Fourteenth Amendments.  (Id. at 5, 9, 12, 13.)  Therein, Plaintiff specifically alleges, among other things, that correctional staff retaliated against him by writing rules violation reports (RVR) against him for filing grievances; retaliated against him by denying laundry services; "acted with deliberate indifference … with the intention to cause physical and mental health injuries,"; and "interfered with [his] constitutional rights to due process."  (Id. at 8, 9, 11, 13.)  Although Plaintiff is the master of his complaint, and he may determine to file his claims in state court, in order to avoid federal jurisdiction, Plaintiff could and should have limited his claims to state laws, rules, and/or regulations.  Caterpillar, 482 U.S. at 399.  However, Plaintiff specifically raised allegations involving the violation of his constitutional rights in addition to state law claims which invoked federal question jurisdiction.

Plaintiff's reliance on Grable & Sons Metal Pods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308 (2005), to support his argument that his Court lacks jurisdiction because the complaint does not implicate a substantial federal issue is inapposite.  In Grable, the Supreme Court examined the limited circumstances upon which state court actions do not raise federal claims to invoke federal question jurisdiction.  Grable, 545 U.S. at 312.  However, in this action, Plaintiff's complaint clearly raises both federal and state law causes of action, and the reasoning of Grable is not applicable.  Accordingly, Plaintiff's complaint clearly and unambiguously raises federal claims.

///

---

[1] The page numbers referenced herein refer to those imprinted by the Court's electronic case filing system.

3

**B.      Consent of Properly Served Defendants**

Plaintiff's argument that the notice of removal is defective because not all Defendants consented to removal of the action.

Under 28 U.S.C. § 1446(b)(2)(a), "all defendants who have been properly joined and served must join in or consent to removal of action." All defendants in such an action must join in removal with the exception of nominal parties. Hewitt v. City of Stanton, 798 F.2d 1230 (9th Cir. 1986).  If some defendants have not yet consented to removal, district courts "may allow the removing defendants to cure this defect by obtaining joinder of all defendants prior to entry of judgment." Destfino v. Reiswig, 630 F.3d 953, 956-957 (9th Cir. 2011).

Plaintiff's reliance on the rule of unanimity is misplaced here. "[A]s implied in the rule itself, there are exceptions to the unanimity requirement. Most relevant to this case is the exception for defendants who were not properly served before notice of removal." Gianelli v. Schoenfeld, 2021 WL 2106365, at *3 (E.D. Cal. May 25, 2021), report and recommendation adopted, 2021 WL 2662044 (E.D. Cal. June 29, 2021), citing Destfino v. Reiswig, 630 F.3d at 957 ("Because none of the non-joining defendants was properly served, their absence from the removal notice did not render the removal defective."); Salveson v. W. States Bankcard Ass'n, 731 F.2d 1423, 1429 (9th Cir. 1984) ("Our circuit rule is that a party not served need not be joined [in the petition for removal.]").

Under California law, service of process may be made by personal delivery to the individual. Cal. Code Civ. P. § 415.10. Alternatively, service may be made by mail if sent two copies of the notice and acknowledgement provided in section 415.30(b) and a prepaid return envelope addressed to the sender. Id. at § 415.30(a). Service by mail is not deemed complete until the date a written acknowledgement of receipt of summons is executed by the party addressed. Id. at § 415.30(c).

Here, Plaintiff attempted service on Defendants by mailing his complaint and a "Notice of Lawsuit and Request for Waiver of Service and Complaint and Summons."  (ECF No. 1-2.) However, Plaintiff's mailing does not comply with the requirements for service by mail because he did not mail a copy of the summons and complaint to each named Defendant, together with

4

two copies of the notice of acknowledgment and a prepaid return envelope. (Declaration of Hannah Park ¶ 2.) Consequently, Plaintiff did not properly service any of the named Defendants. Nonetheless, Defendant Macomber appeared in the action because he did not contest the improper service. (Id. ¶ 4.) Thus, the fact that the other named Defendants did not consent to removal is not a basis for remand. Indeed, Plaintiff does not contend that any other Defendant has been properly served. Therefore, Plaintiff's argument based on the lack of unanimous consent to removal fails.

### C.      Grounds for Removal

Plaintiff contends that the petition for removal does not contain a short and plain statement of grounds for removal.  The Court does not agree.

28 U.S.C. 1446(a) states:

> A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

A party's notice of removal must contain "a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). "By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure," and a "statement 'short and plain' need not contain evidentiary submissions." Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 84, 87 (2014); see also Ramirez-Duenas v. VF Outdoor, LLC, No. 1:17-cv-0161-AWI-SAB, 2017 WL 1437595, at *2 (E.D. Cal. Apr. 4, 2017) ("The notice of removal may rely on the allegations of the complaint and need not be accompanied by any extrinsic evidence.").

In the notice of removal filed in this Court, Defendant specifically states, in relevant part:

> Defendant J. Macomber hereby removes this action from the Superior Court of the State of California, County of Madera, to the United States District Court for the Eastern District of California, Fresno Division, under 28 U.S.C. §§ 1441(a) and 1446. Removal is based on the original jurisdiction of the district court under 28 U.S.C. § 1331 as follows:

> Federal question jurisdiction exists in this Court under 28 U.S.C. § 1331 because Plaintiff's complaint alleges violations of the First, Fifth, Eighth, Ninth, Tenth, and

Fourteenth Amendments to the United States Constitution. (*See* Complaint, Ex. A at pp. 4, 8, 11, 12.) *Caterpillar Inc. v. Williams*, 482 U.S. 386, 397 (1987) (federal jurisdiction exists when federal question is presented on the face of plaintiff's complaint). (ECF No. 1.)  Thus, Defendant timely filed a notice of removal asserting federal question jurisdiction based on Plaintiff's claims arising under the United States Constitution.  Accordingly, Defendant has provided a short and plain statement and Plaintiff's argument to the contrary is rejected.

**IV.**

**ORDER AND RECOMMENDATION**

Based on the foregoing, it is HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that Plaintiff's motion to remand the action to the Madera County Superior Court be denied.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with this Findings and Recommendation, the parties may file written objections with the Court, limited to 15 pages in length, including exhibits.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **March 19, 2026**                                    _____

STANLEY A. BOONE
United States Magistrate Judge

6