**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CARLOS MARTINEZ,<br>Plaintiff,<br>v.<br>J. MACOMBER, et al.,<br>Defendants. | Case No. 1:26-cv-0984 JLT SAB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING CERTAIN CLAIMS AND DEFENDANTS, AND DIRECTING THE CLERK OF COURT TO UPDATE THE DOCKET<br><br>(Doc. 16) |

Carlos Martinez asserts that he suffered violations of his civil rights and seeks to hold the defendants liable pursuant to 42 U.S.C. § 1983. (*See generally* Doc. 13.) The magistrate judge screened Plaintiff's amended complaint and found that he stated a cognizable claim for deliberate indifference against Defendant V. Yang. (Doc. 14 at 8-9.) However, the magistrate judge found Plaintiff failed to state any other cognizable claims against other named defendants, including his claims related to retaliation, equal protection/ discrimination, clothing and laundry services, prison trust account access, and the inmate grievance process. (*Id.* at 9-13.) In response to the Screening Order, Plaintiff filed a notice to proceed on the claim of deliberate indifference against Defendant V. Yang, although he also indicated that he preserved his right to appeal the findings. (Doc. 15 at 1-2.)

On September 10, 2026, the magistrate judge issued Findings and Recommendations, referencing the findings of the Screening Order and recommending all claims except deliberate

indifference against Defendant Yang be dismissed. (Doc. 16.) The Court also informed Plaintiff that "the failure to file objections within the specified time may result in the waiver of the 'right to challenge the magistrate judge's factual findings' on appeal." (*Id.*, quoting *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).)

Plaintiff filed objections, again indicating that he "wants the record [to] reflect[] his intention to appeal the magistrate judge's findings and recommendations with this case is over, either, against or in favor of Plaintiff." (Doc. 17 at 1.) Plaintiff indicates that he wants "his objections in general [to] be recorded on the record." (*Id.* at 2.)

Plaintiff does not address the specific findings of the magistrate judge in the Screening Order or the legal bases for the findings. Without such specificity, Plaintiff fails to raise proper objections to the Court. *See* Fed. R. Civ. P. 72(b)(2) (requiring any objections to magistrate judges' findings and recommendations to be "specific"); *Howard v. Sec'y of Health & Human Servs*., 932 F.2d 505, 509 (6th Cir. 1991) ("A general objection … has the same effects as would a failure to object"); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988) (holding general objections do not preserve arguments for appellate review and stating that "[a] district judge should not have to guess what arguments an objecting party depends on …"); *see also Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) (noting the court "will not manufacture arguments" for parties).

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case. Having carefully reviewed the entire matter—including the Screening Order and Plaintiff's responses— the Court concludes the Findings and Recommendations are supported by the record and proper analysis. Thus, the Court **ORDERS**:

1. The Findings and Recommendations filed September 10, 2026 (Doc. 16) are **ADOPTED** in full.

2. This action **SHALL** proceed <u>only</u> on Plaintiff's claim for deliberate indifference against Defendant V. Yang.

3. All other claims and defendants are **DISMISSED** from the action for failure to state a cognizable claim for relief.

4. The Clerk of Court is directed to update the docket and terminate J. Mathur, M. Bansal, E. Lunsford, B. K. Roao, J. Meri, R. Tolmachoff, P. Williams, and C. Adams as defendants.

5. This matter is referred to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: _October 13, 2026_

UNITED STATES DISTRICT JUDGE